**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000581**
**20-AUG-2024**
**08:11 AM**
**Dkt. 64 SO**

NO. CAAP-23-0000581

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

J.L., Petitioner-Appellee, v. M.V., Respondent-Appellant, and
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAIʻI,
Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1PP131006287)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

M.V. (**Father**) appeals from the **(1)** September 7, 2023 "Order Granting Petitioner's Motion to Strike Custody Evaluator's [R]eport and Exclude Custody Evaluator from Testifying at Trial" (**Order Striking Report**) and **(2)** September 15, 2023 **"Decision and Order** Re: Father's Motion for Relief after Judgment or Order Filed July 19, 2022[,]" both entered by the Family Court of the First Circuit.[1]  We affirm in part and reverse in part.

Father and J.L. (**Mother**) are the parents of **Child.** Mother started this case on August 1, 2013, by filing a Petition for Paternity or for Custody, Visitation and Support Orders After Voluntary Establishment of Paternity.  By stipulated order of October 3, 2013, the family court awarded joint legal custody, physical custody to Mother, visitation to Father, and payment of temporary child support by Father to Mother.  On April 4, 2014,

---

[1]     The Honorable Jessi L.K. Hall presided.

after a trial, the court entered a decision and order for Father's payment of child support and a detailed visitation schedule.

Mother and Father both filed motions for relief in 2018. By order of May 31, 2019, the family court maintained joint legal custody but awarded joint physical custody subject to a time-sharing schedule.

On August 15, 2019, Father moved for relief over which school Child should attend. On November 18, 2019, the family court ordered that Child remain enrolled in Child's new school. Father appealed. We affirmed. JL v. MV, No. CAAP-19-0000826, 2020 WL 5412828 (Haw. App. Sept. 9, 2020) (mem. op.).

On July 28, 2020 (while Father's appeal was pending), Father moved for relief over Mother's moving and changing Child's school without informing him. The family court resolved Father's motion by order of August 7, 2020.

During August 2020, Mother and Father both moved for relief, seeking sole legal and physical custody. By order of June 21, 2021, the family court continued joint legal and physical custody, with no change to the visitation schedule.

On July 19, 2022, Father filed the motion that gave rise to this appeal. He sought to modify physical custody and visitation, and reduce child support. After a hearing, the family court ordered "a custody evaluation to be performed at Respondent/Father's sole cost."[2] Father asked for Kevin **Harding** as the evaluator. By order of December 16, 2022, the family court appointed Harding "to conduct an investigation and evaluation" on "visitation[,]" with the cost to be paid by Father "subject to allocation at the time of trial." The evaluation report was due on February 6, 2023.

Harding did not file a report by the due date. Over Mother's objection, the family court continued the due date to April 27, 2023. Harding's report was filed on April 27, 2023.

---

[2]     The Honorable Bryant Zane presided.

The report recommended joint physical custody, sole legal custody to Father, and equal timesharing.

On July 31, 2023, Mother moved to strike Harding's report and prevent him from testifying at trial. The Order Striking Report was entered on September 7, 2023. The Decision and Order was entered on September 15, 2023, after the trial. The family court ruled "there has not been a proper request to modify legal custody"; did not find "such a change in circumstances that it would be in the minor child's best interest to change physical custody"; and found "Father's comments [during the trial] to be his intention of becoming a vexatious litigant." The court "ordered that if Father files another motion for equal timesharing and does not prevail he may be ordered to pay all of Mother's attorney's fees and costs incurred from the date that Father files his motion." Father moved for reconsideration. Reconsideration was denied in part and granted in part. The family court entered findings of fact (**FOF**) and conclusions of law (**COL**) on November 20, 2023, under Hawaiʻi Family Court Rules Rule 52(a).

Father challenges FOF nos. 26 and 28 and COL nos. 9, 10, 13, 14, 17, and 19. He contends the family court erred by: **(1)** striking Harding's report and preventing him from testifying; **(2)** not sua sponte appointing another custody evaluator; **(3)** finding him an intended vexatious litigant and threatening to hold him liable for Mother's future attorneys fees; and **(4)** allocating 100% of Harding's fees to him.

We review findings of fact under the *clearly erroneous* standard, and conclusions of law under the *right/wrong* standard. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). A ruling involving mixed questions of fact and law is reviewed under the *clearly erroneous* standard because it implicates the facts and circumstances of the specific case. Id. A ruling supported by the trial court's findings of fact and applying the correct rule of law will not be overturned. Id.

**(1)** The family court has broad discretion to limit expert testimony. <u>Doe v. Doe</u>, 120 Hawaiʻi 149, 176, 202 P.3d 610, 637 (App. 2009). The family court found, and Father does not contest,[3] that:

> 11. [Harding's] report indicated that much of the work on the investigation and report was actually conducted by Mr. Harding's "colleague," Clair Doctor, LCSW.[4] Ms. Doctor is also on the First Circuit's registry of custody evaluators.
>
> . . . .
>
> 13. [Mother's] motion [to strike Harding's report] was heard August 22, 2023 before the Hon. Jessi L.K. Hall. Mr. Harding did not appear at this hearing or submit any declaration responsive to the motion. The court expressed concern about whether Mr. Harding disclosed to the parties in advance that he would be using someone else to help write the report. From the testimony of [Mother], which was confirmed by [Father], it appears that he did not.

(Citation to the record omitted.)

The family court concluded:

> 9. [Harding] violated his appointment order by (1) using another custody evaluator to conduct his evaluation and/or (2) failing to follow the procedure set forth in paragraph 12 of his appointment order pertaining to the assistance of specialists or experts and/or (3) rendering recommendations on legal custody, which was not an issue raised in respondent's motion nor included in the appointment order.
>
> 10. It was proper to resolve the issues of striking [Harding]'s report and precluding the testimony of him or his "colleague" prior to trial.
>
> . . . .
>
> 13. The Family Court judge does not abuse his/her wide discretion to admit reports or testimony by a Custody Evaluator when the evaluator violates the terms of his appointment order.
>
> 14. There is no due process right to a Custody Evaluator. This conclusion is made without prejudice to [Father]'s ability to raise on appeal the issue of whether the appointment of a custody evaluator over the objection of a party violates that party's due process rights.

---

[3] Unchallenged findings of fact are binding on appeal. <u>Okada Trucking Co. v. Bd. of Water Supply</u>, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

[4] *LCSW* stands for Licensed Clinical Social Worker.

COL no. 9 is a mixed finding and conclusion. It is supported by substantial evidence in the record and correctly applies the December 16, 2022 order appointing custody evaluator. COL nos. 10 and 13 are not wrong.

Father cites Hawaii Revised Statutes (**HRS**) §§ 571-46 and -46.4 to support his argument that his due process right to a custody evaluator was violated when the family court struck Harding's report and barred him from testifying. Both statutes use the word "may" to describe the family court's authority to appoint a child custody evaluator. Father did not have an absolute right to have a child custody evaluator evaluate child custody. Under the circumstances, the family court acted within its discretion by striking Harding's report and barring him (and Clair Doctor) from testifying at trial.

**(2)** Father did not ask the family court to appoint another custody evaluator after it struck Harding's report and barred him from testifying. He argues that the family court's failure to sua sponte appoint a replacement for Harding was plain error. We decline to recognize plain error because Father did not have a due process right to have a child custody evaluator involved in the case below. See Okada Trucking, 97 Hawai‘i at 458, 40 P.3d at 81 (explaining plain error doctrine is exercised sparingly and in civil cases only when justice so requires).

**(3)** The family court found:

> 26. [Father] testified to his intent to continue to file motions, to seek custody evaluators being appointed, and attempt to proceed to trial until he obtained equal timesharing. [Father]'s comments reflect his intention of possibly becoming a vexatious litigant. This was [Father]'s third attempt in four years to obtain equal timesharing. All of his requests have been denied.

FOF no. 26 is a mixed finding and conclusion. Most of the findings are clearly erroneous. Father testified, "I'm going to keep asking for equal time-sharing until I get equal time-sharing 'cause I feel that that's what's in [Child]'s best interest." While Father filed several motions for relief before

the one at issue in this appeal, only one sought equal time-sharing. His November 2018 motion was filed when Mother had sole physical custody; he was awarded joint physical custody and increased visitation rights. In August 2019 he moved for relief over which school Child should attend; he did not ask for equal timesharing. In July 2020 he moved for relief over Mother's moving and changing Child's school without telling him; he did not ask for equal timesharing. In August 2020, Mother and Father *both* moved for sole physical custody. The family court continued joint physical custody with no change to the visitation schedule. Father's July 19, 2022 motion was only his second attempt at equal timesharing, and the family court did not find either to have been frivolous or in bad faith. See Trs. of Est. of Bishop v. Au, 146 Hawaiʻi 272, 283, 463 P.3d 929, 940 (2020) (holding that a court must make findings that set forth with reasonable specificity the perceived misconduct, including any finding of bad faith).

The family court's mixed finding and conclusion that it was Father's "intention of possibly becoming a vexatious litigant" is wrong. HRS § 634J-1 (2016) has these definitions:

> "Vexatious litigant" means a plaintiff who does any of the following:
>
> (1)  In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five civil actions other than in a small claims court that have been:
>
>     (A)  Finally determined adversely to the plaintiff; or
>
>     (B)  Unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing;
>
> (2)  After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either:
>
>     (A)  The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or
>
>     (B)  The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the

6

same defendant or defendants as to whom the litigation was finally determined;

(3) In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay; or

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

The record reflects that Father is far from becoming a vexatious litigant. Father testified he felt equal timesharing was in Child's best interest. "[T]he determination of the terms of custody and visitation is dictated by the 'best interests of the child[.]'" Brutsch v. Brutsch, 139 Hawaiʻi 373, 383, 390 P.3d 1260, 1270 (2017). A child's best interests can, and often do, change. That is why "custody orders are subject to modification *at any time* during the minority of the child[.]" Doe v. Doe, 98 Hawaiʻi 144, 158 n.15, 44 P.3d 1085, 1099 n.15 (2002); see HRS § 571-50 (2018). The record does not support the family court's mixed finding and conclusion that Father intended to "possibly become a vexatious litigant."

The family court also concluded:

17. Although [Father] is not a Plaintiff, his actions and testimony is coming within the intent of the definition of vexatious litigant.

. . . .

19. It was not an abuse of discretion for the Court to issue an order that [Father] may be required to pay for [Mother]'s attorney fees if he files another motion seeking equal timesharing and is not successful.

COL no. 17 is wrong for the reasons explained above. As to COL no. 19, the family court acted outside its discretion by ordering that Father may have to pay Mother's attorney fees if he filed another unsuccessful motion for equal timesharing. Creating a financial disincentive for a parent to contest

visitation rights when they have a legitimate concern for the best interests of the child undermines the foundational principle of such determinations and is contrary to the societal interest that decisions in the best interests of the child be made without financial influence.  See Brutsch, 139 Hawaiʻi at 383, 390 P.3d at 1270.[5]

**(4)**  The family court's order appointing Harding required that Father pay 100% of an $8,000 advance, with "[a]ll costs [being] subject to allocation at the time of trial."  The Decision and Order made no reallocation.  Father's motion for reconsideration argued that reallocation should have been addressed.  The family court agreed that reallocation was not addressed and granted reconsideration on that issue, but found "no basis to modify the allocation set out in the Order Appointing Custody Evaluator."  The family court found:

> 28.  On October 17, 2023, the Court denied [Father]'s Motion for Reconsideration, except that the Court found that an additional issue --- reallocation of [Harding's] fees --- had been overlooked, and granted that portion of the motion, allocating all fees to [Father].

(Citation to the record omitted.)

FOF no. 28 accurately reflected the record, and was not clearly erroneous.  We cannot determine whether the family court's finding that there was "no basis to modify the allocation set out in the Order Appointing Custody Evaluator" was clearly erroneous, because the order appointing Harding does not have reasons for the allocation, the record on appeal does not include a transcript of the October 6, 2022 hearing, and the minutes for the hearing do not explain the court's reasoning.  We note that the family court told Father, in response to his complaint that he had paid $8,000 to Harding for the stricken report, "that is something that should be taken up with Mr. Harding. . . . His

---

[5]  We note, however, that HRS § 580-47(a), (f) (2018) allows a family court to make orders that are "just and equitable[,]" including orders awarding attorneys fees and costs.  See Brutsch, 139 Hawaiʻi at 385, 391 P.3d at 1272.

procedure is absolutely inappropriate if he's not providing notice that he is not the one doing the evaluations, completely and solely." We express no opinion about Father's right, if any, to obtain reimbursement in whole or in part from Harding.

For these reasons, **(1)** the September 7, 2023 "Order Granting Petitioner's Motion to Strike Custody Evaluator's [R]eport and Exclude Custody Evaluator from Testifying at Trial" is affirmed; **(2)** the September 15, 2023 "Decision and Order Re: Father's Motion for Relief after Judgment or Order Filed July 19, 2022[,]" is affirmed in part except that the first paragraph of item "4. Future Motions" on page 11[6] is reversed; and **(3)** FOF no. 26 and COL nos. 17 and 19 are stricken from the November 20, 2023 "Findings of Fact and Conclusions of Law."

DATED: Honolulu, Hawaiʻi, August 20, 2024.

On the briefs:

Michael A. Glenn,
for Respondent-Appellant.

Thomas D. Farrell,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[6] The Decision and Order contains two paragraphs numbered "4."